## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| VANESSA H. MOORE, as | ) | |
| Administratrix of the Estate of | ) | |
| JOHNNY J. MOORE, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-381-KD-N |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | |
| HOLDINGS, INC. d/b/a FRESENIUS | ) | |
| MEDICAL CARE NORTH AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case was removed from the Circuit Court of Clarke County, Alabama, on August 13, 2014. This action is before the undersigned United States Magistrate Judge on Plaintiff's Motion to Remand (Doc. 17) to that court and Defendants Fresenius's and FMC Thomasville's Opposition to Plaintiff Motion's to Remand (Doc. 20), pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, for entry of a report and recommendation. After consideration of the pleadings, and for the reasons explained herein, it is **RECOMMENDED** that the Motion to Remand (Doc. 17) be **DENIED**.

## I.    Discussion[1]

### A.    The defendants must prove that this Court has subject-matter jurisdiction, which in the context of this case means they must

---

[1] Because the issue before the Court is predominantly a question of law, applicable background facts are interspersed in the undersigned's analysis.

**prove that the plaintiffs have joined a resident defendant solely to defeat the Court's jurisdiction.**

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). A federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Nevertheless, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala.*, 168 F.3d at 411; *cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction." (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996))); *White v. Wells Fargo Home Mortgage*, Civil Action No. 1:11–cv–408–MHT, 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) (a federal court is "obligat[ed] to narrowly construe removal statutes"; this obligation necessarily "requires that uncertainties be 'resolved in favor of remand'" (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))).

Therefore, the defendants must establish the propriety of removal under 28 U.S.C. 1441 and, as such, "bear[] the burden of establishing the existence of federal jurisdiction[,]" *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)), which requires that they both establish complete diversity (that all plaintiffs are diverse from all defendants (*See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted); *accord Auto-Owners Ins. Co. v. Great Am. Ins. Co.*, 479 Fed. App'x 228, 232 n.3 (11th Cir. June 21, 2012) (per curiam))) and show that the amount in controversy more likely than not exceeds the $75,000 jurisdictional minimum. *See Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1314 (S.D. Ala. 2003).

Here, the defendants have made a showing sufficient to establish—and the plaintiffs do not contest—that the amount in controversy exceeds the jurisdictional minimum. *See, e.g.*, Doc. 17 at 5. The sole task for the Court, then, is to determine whether the non-diverse (or resident) defendants—Tiffany Rene Arnold, Johna Shea Etheridge, and Ingrid Jackson[2]—were fraudulently joined to defeat this Court's jurisdiction. That is, the defendants can establish complete diversity of citizenship by proving that these three defendants, residents of the same state as the plaintiffs (*see* Doc. 1-3 at 21), have been joined **solely** to defeat federal diversity jurisdiction. *See Tapscott*, 77 F.3d at 1359 ("An action may nevertheless be removable if the

---

[2] Of the three resident defendants, only Ms. Arnold has filed an answer, doing so *pro se* while this action was still in state circuit court. Doc. 1-3 at 83-85. Ms. Etheridge was served (Doc. 1-3 at 58), but has filed an answer. Ms. Jackson has not been served. She is aware of the action and made a sworn Declaration that was included as Exhibit B (Doc. 1-2) attached to the Notice of Removal, but she has not filed an answer.

joiner of non-diverse parties is fraudulent."); *Sellers v. Foremost Ins. Co.*, 924 F. Supp. 1116, 1117 (M.D. Ala. 1996) ("The citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction.").

The defendants' burden in this regard is "a heavy one." *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

> When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the [non-diverse or] resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* The defendant must make such a showing by clear and convincing evidence. *See Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

*Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (footnotes omitted); *accord Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. App'x 888, 890 (11th Cir. May 31, 2011) (per curiam); *Roberson v. BancorpSouth Bank, Inc.*, Civil Action No. 12–716–CG–N, 2013 WL 2896840, at *3 (S.D. Ala. June 13, 2013) (same).

In the context of fraudulent joinder, the Court is required to both evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See Crowe*, 113 F.3d at 1538. Although the determination of whether a

non-diverse defendant has been fraudulently joined "should be made based upon the plaintiff's pleadings at the time of removal," *Cabalceta*, 883 F.2d at 1561 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)), a district court "can consider any submitted affidavits and/or deposition transcripts." *Id.* (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Both parties may submit affidavits and deposition transcripts." (citing, in turn, *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A Dec. 1981))), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993); *see also Abrams v. Olin Corp.*, 248 F.R.D. 283, 291 (S.D. Ala. 2007) (The "fraudulent joinder analysis is not confined to the pleadings, but may also encompass 'any affidavits and deposition transcripts submitted by the parties.'" (quoting *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005))).

Given these parameters, some courts have analogized the fraudulent joinder inquiry to that applied to a motion for summary judgment. *See Crowe*, 113 F.3d at 1538. **Importantly,**

> **[h]owever,** while the analysis is similar, "the jurisdictional inquiry 'must not subsume substantive determination' . . . [and w]hen considering a motion for remand, ***federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.***" *Crowe*, 113 F.3d at 1538. This court's authority to assess the "ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims" and it should not attempt to determine "the merits of cases that do not appear readily to be frivolous or fraudulent." *Id.* at 1541-42.

*Atwood v. Weyerhaeuser USA, Inc.*, Civil Action No. 09-0379-CG-N, 2010 WL 749337, at *5 (S.D. Ala. Feb. 26, 2010) (Granade, J.) (emphasis added); *see id.* at *6

(describing the inquiry into the plaintiffs' claims for purposes of fraudulent joinder as "basic"—"The court must merely decide whether the defendants have shown by clear and convincing evidence that no Alabama court could find plaintiffs' complaint[, as supplemented by their] affidavit[,] sufficient to invoke claims for nuisance, negligence, wantonness and trespass."); *Triggs*, 154 F.3d at 1287 ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate." (emphasis in original)); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) ("[I]n testing for fraudulent joinder the district court in its discretion may 'pierce the pleadings,' albeit in so doing the court should not conduct an evidentiary hearing but, based on appropriate documentation in addition to the pleadings, should instead resolve all disputed questions of fact in favor of the plaintiff.").

As *Burden* and *Atwood* make clear, in "piercing the pleadings" to determine whether a claim exists against a resident defendant, a court may not step beyond the threshold jurisdictional inquiry and wade into the merits. *See also In re Briscoe*, 448 F.3d 201, 218 (3d Cir. 2006) ("Assuming a district court can 'pierce the pleadings' to determine whether a plaintiff has asserted a colorable claim against the non-diverse defendant, 'that inquiry is far different from the summary judgment type inquiry made by the district court here.' The district court, 'in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits,' " (discussing and quoting *Boyer v.*

*Snap-on Tools Corp.*, 913 F.2d 108, 112-13 (3d Cir. 1990) (internal citations omitted))); *cf. Eckhart v. DePuy Orthopaedics, Inc.*, Case No. 2:03-cv-1063, 2004 WL 524916, at *2-4 (S.D. Ohio Mar. 3, 2004) ("Because a factual attack on the well-pleaded allegations of the plaintiff's complaint resembles an effort to obtain summary judgment on the merits, courts have struggled with the appropriate legal standard to be applied in such a situation.").

    **B.    Because it has been shown that the plaintiff's claims against Tiffany Rene Arnold, Johna Shea Etheridge, and Ingrid Jackson are not possible, the Court cannot consider their citizenship for purposes of determining diversity.**

    i.   <u>Tiffany Rene Arnold</u>

In the Motion to Remand, Plaintiff admits Ms. Arnold was "incorrectly named" as a defendant. Doc. 17 at 3, n.2. Additionally, Ms. Arnold has filed a *pro se* Answer to the Complaint asserted that she "is not affiliated nor has previously been affiliated with Fresenius Medical [Care] in any capacity." Doc. 1-3 at 83. Ms. Arnold's assertion accords with the sworn Declaration of Tiffany H. Alford, the current clinic manager at FMC Thomasville, which states that there was no individual by the name of "Tiffany Rene Arnold" employed by FMC Thomasville at the time Decedent received treatment there. Doc. 1-1 at 3. Since the medical negligence claim against Ms. Arnold was predicated on the assertion that she oversaw medical care at FMC Thomasville (*see* Complaint, Doc. 1-3 at 21), no cause of action can possibly be made against Tiffany Rene Arnold; she has been fraudulently joined and should not be considered for purposes of determining diversity. *See Henderson*, 454 F.3d at 1281.

### ii.  Johna Shea Etheridge

Plaintiff also admits that Ms. Etheridge was "incorrectly named" as a defendant. Doc. 17 at 3, n.2. Ms. Etheridge has not responded in this action. However, the sworn Declaration of Tiffany H. Alford states that there was no individual by the name of "Johna Shea Etheridge" employed by FMC Thomasville at the time Decedent received treatment there. Doc. 1-1 at 3. Since the medical negligence claim against Ms. Etheridge was predicated on the assertion that she treated Decedent as a registered nurse at FMC Thomasville (*see* Complaint, Doc. 1-3 at 21), no cause of action can possibly be made against Johna Shea Etheridge; she has been fraudulently joined and should not be considered for purposes of determining diversity. *See Henderson*, 454 F.3d at 1281.

### iii.  Ingrid Jackson

Plaintiff alleges that diversity does not exist based on the Alabama citizenship of Defendant Ingrid Jackson. *See* Doc. 17 at 3. Plaintiff asserts that she is liable under the Alabama Medical Liability Act (AMLA) both as the employer of Johna Shea Etheridge and "in her own right." Doc. 1-1 at 23-24. The AMLA deals with actions against "health care provider[s]" (*See, e.g.*, Ala. Code § 6-5-548), which are defined as "a medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider…" Ala. Code § 6-5-542. "Other health care provider" is defined as "any professional corporation or any person employed by physicians, dentists, or hospitals who are directly involved in the delivery of health care services." Ala. Code §§ 6-5-481, 6-5-542. To be "directly involved in the delivery of health care services" (Ala. Code § 6-5-481) requires that

the relevant party do some "intervening act" which is necessary for the completion of medical care. *Ex parte Partners in Care, Inc.*, 986 So. 2d 1145, 1149 (Ala. 2007).

Ms. Jackson is not a "health care provider" under the terms of AMLA. She says in her sworn Declaration that she has "not provided direct patient care" in her position with FMC Thomasville or "oversee[n] hemodialysis treatments" while employed there. Doc. 1-2 at 3. Thus, she does not fall into the category of "other health care provider" since she has not been "directly involved in the delivery of health care services." *See* Ala. Code § 6-5-481.

Plaintiff has asserted otherwise in her Complaint and Motion to Remand (Doc. 1-1 at 23-24; Doc. 17 at 6-7) and this Court must construe the facts in the light most favorable to the Plaintiff for the purpose of deciding if removal is proper. *See Crowe*, 113 F.3d at 1538. However, Defendants Fresenius and FMC Thomasville have corroborated their contentions of fraudulent joinder with sworn statements, while Plaintiff has not, despite having the opportunity to do so. *See Coker*, 709 F.2d at 1440 ("Both parties may submit affidavits and deposition transcripts.") "When the Defendants' affidavits are undisputed by the Plaintiff[ ], the court cannot then resolve the facts in the Plaintiff['s] favor based solely on the unsupported allegations in the Plaintiff['s] complaint." *Legg*, 428 F.3d at 1223. In the absence of any evidence supporting Plaintiff's claims, these issues of fact concerning Ms. Jackson must be resolved in favor of Defendants for the purpose of determining whether joinder was proper. *See, id.* Thus, defendants have shown by clear and convincing evidence that no cause of action can possibly be made against Ingrid

Jackson; she has been fraudulently joined and should not be considered for purposes of determining diversity. *See Henderson*, 454 F.3d at 1281.

### C. Because the citizenship of remaining parties is completely diverse, the Court has subject matter jurisdiction.

The Plaintiff is a citizen of Alabama and the Decedent was, during the relevant period of his life, also a citizen of Alabama. Doc. 1-1 at 18. The properly-joined Defendants identified by the Plaintiff are citizens of Delaware, Massachusetts, and New York. Doc. 1 at 5-6. A number of fictitious defendants are also joined in the Complaint. Doc. 1-1 at 22. However, for the purpose of determining removability, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Sellers v. Bolttech Mannings, Inc.*, 2013 WL 2635564, at *3 (S.D. Ala. June 11, 2013) ("The citizenship of the fictitious parties charged in [the] must…be disregarded.). Thus, parties are completely diverse. Since it is undisputed that the amount-in-controversy requirement is met (see above), the Court has subject matter jurisdiction over the instant action.

## II.     Conclusion

Because the Defendants Fresenius and FMC Thomasville have shown that the resident defendants (Arnold, Etheridge, and Jackson) have been fraudulently joined, the Court must disregard their citizenship for purposes of determining jurisdiction.[3] Therefore, because parties are completely diverse, removal was proper and this Court has subject matter jurisdiction under § 1332. It is accordingly

---

[3] It is the further recommendation of the undersigned that these three individual defendants be dismissed from this action.

**RECOMMENDED** that the Motion to Remand (Doc. 17) be **DENIED**.

### III.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 30th day of September, 2014.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**